UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

PATRICIA KING,                                    )
     *Plaintiff*,                                )
                                              )
*vs.*                                             )    1:13-cv-00344-JMS-DML
                                              )
VV USA CITY, LP, and CBRE, INC., d/b/a CB         )
RICHARD ELLIS, INC.                               )
     *Defendants*.                              )

## ORDER TO FILE JOINT JURISDICTIONAL STATEMENT

Defendants VV USA City, L.P. ("VV USA City") and CBRE, Inc. d/b/a CB Richard Ellis ("CBRE") filed a Notice of Removal on March 1, 2013. [Dkt. 1.] In the Notice, Defendants state that this Court has diversity jurisdiction under 28 U.S.C. § 1332 because "[t]he controversy in this cause of action is entirely between citizens of different states," and "the amount in controversy for the claim of Plaintiff exceeds $75,000.00, exclusive of interest and costs, because Plaintiff alleges more than $79,000.00 in medical expenses related to this Incident." [*Id.* at 3, ¶¶ 7-9.]

As to the citizenship of VV USA City, Defendants state that its general partner, VV USA, LLC, has a member – VV Immobilien Verwaltungs and Beteilingungs GmbH ("VV Immobilien") – which is "a German limited liability company." [*Id.* at 1-2, ¶ 4.] Defendants then state that "[t]here are no members of the German Company, [VV Immobilien,] that are residents or citizens of the State of Indiana and there are no corporate members that are Indiana corporations or that have their principal place of business in Indiana." [*Id.*]

The Court must independently determine whether proper diversity among the parties exists. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007). The Court is not being hyper-technical:  Counsel has a professional obligation to analyze subject matter jurisdiction,

*Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009).   Based on Defendants' Notice of Removal, the Court cannot determine whether it can exercise diversity jurisdiction over this case.

Specifically, Defendants are reminded that: (1) the citizenship of an unincorporated association is the citizenship of all of the members, *Hart v. Terminex Int'l*, 336 F.3d 541, 542 (7th Cir. 2003); (2) "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be," *Id.* at 543; (3) asserting that all members are citizens of "X" or that no members are citizens of "X" is insufficient, *Peters v. Astrazeneca LP*, 224 Fed. Appx. 503, 505 (7th Cir. 2007); and (4) jurisdictional allegations must be made on personal knowledge, not on information and belief, to invoke the subject matter jurisdiction of a federal court, *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992).

The Court **ORDERS** the parties to meet and confer, and conduct whatever investigation necessary, to determine whether this Court has diversity jurisdiction.  If the parties agree that diversity jurisdiction is proper, they shall file a joint jurisdictional statement by **March 15, 2013** setting forth the basis for each of their citizenships and whether they agree that the amount in controversy exceeds $75,000 exclusive of interest and costs.  Specifically, the statement must provide the names and citizenships of each of the members of VV Immobilien.  Defendants are also cautioned to confirm the structure of VV USA City, its partners and members, and the partners and members of those entities, to the extent that they are foreign entities and may be structured differently than traditional, domestic limited partnerships or limited liability companies. *See, e.g., Indiana Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 317 (7th Cir. 1998) (Lloyd's of Lon-

don underwriting syndicate has "the personal-liability characteristics of a general partnership and the management structure of a limited partnership").  If the parties cannot agree on their respective citizenships or the amount in controversy, any party who disagrees shall file a separate jurisdictional statement by **March 15, 2013** setting forth its view regarding the citizenship of each of the parties and the amount in controversy.  The joint jurisdictional statement, or competing jurisdictional statement, shall satisfy Plaintiff's obligations under Local Rule 81-1.

03/04/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Angela S. Cash
SCOPELITIS GARVIN LIGHT HANSON & FEARY PC
acash@scopelitis.com

Misti Presnell DeVore
SCOPELITIS GARVIN LIGHT HANSON & FEARY PC
mdevore@scopelitis.com

David Ray Thompson
LAW OFFICE OF ROBERT D. KING, JR., P.C.
dthompson@robertkinglaw.com

Robert D. King, Jr.
LAW OFFICE OF ROBERT D. KING, JR., P.C.
rking@robertkinglaw.com

- 3 -